UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BARBARA JOHNSON,

    *Plaintiff*,

v.                              Case No.  SA-23-CV-01180-JKP

COMPU-LINK CORPORATION d/b/a
Celink,

    *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Compu-Link Corporation's Motion to Dismiss for Failure to State a Claim. *ECF No. 7*. Plaintiff Barbara Johnson, who is represented by counsel, did not respond. Upon consideration, the Court concludes the Motion shall be GRANTED. Johnson's causes of action that may be asserted based upon the facts supporting this action are DISMISSED WITH PREJUDICE.

### Background

Johnson filed this action on August 31, 2023, in Texas state court, Compu-Link removed it to this Court on July 11, 2023. In her Original Petition filed in state court, Johnson alleges Compu-Link fraudulently foreclosed on property she inhabits, which impeded her interest in the property. Johnson asserts causes of action for breach of contract, unjust enrichment, wrongful foreclosure, and "debt collection violation" alleging Compu-Link retaliated against her because of a complaint she filed with the Consumer Financial Protection Bureau (CFPB). Johnson alleges Compu-Link:

misled the agency during the course of its investigation by providing false information such as assignment and servicing dates. As an example of this infraction, [Compu-Link] purports to have only been assigned the mortgage and associated duties as a servicer in February, 2023. However, upon a closer examination of public records, it appears as though [Compu-Link] was involved with the property as servicer and beneficiary going as far back as 2020. It is clear that [Compu-Link] has misled the government agency, and has conducted the foreclosure as a retaliation.

Based on these allegations, Johnson seeks nonspecific monetary damages. Compu-Link filed this Motion to Dismiss, and Johnson failed to respond.

## Legal Standard

### Failure to Respond

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, *2. Under the circumstances of this case, the Court declines to apply Local Rule 7(d)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of the Motion to Dismiss.

### Motion to Dismiss

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-

2

558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasade-*

*na,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach,* 405 F.2d at 496–97.

### Discussion

Review of the docket in this case reveals Compu-Link filed a Motion to Dismiss, which this Court struck for failure to comply with the Standing Order pertaining to this Motion. *ECF Nos. 5,6.* Compu-Link re-filed the Motion in compliance with the Standing Order, thereby giving Johnson two opportunities to replead the Original Petition to cure any deficiencies. *ECF Nos. 3,7.* Johnson did not file an Amended Complaint. For this reason, the Court afforded Johnson every opportunity to state a claim upon which relief can be granted, and Johnson will not be given another opportunity to file an Amend Complaint.

Compu-Link attaches to its Motion to Dismiss documents referenced in Johnson's Original Petition, such as the Original Loan Agreement and Deed of Trust between Judith O. Smith Mortgage Group and Carmen Johnson and the Assignment of the Deed of Trust to Compu-Link. *ECF No. 7, exhs. A,B,C.* These attached public records establish the Deed of Trust creating Carmen Johnson's payment obligations was assigned to Compu-Link. *See id.* Compu-Link, as the servicer and beneficiary of the mortgage that secured the Property, instituted foreclosure proceedings on the Property once Carmen Johnson failed to meet payment obligations. *See ECF No. 1, at p. 8, ¶ 3; ECF No. 7, exhs. A,B,C.*

### 1. Breach of Contract

In Texas, to allege a cause of action for breach of contract, Johnson must assert: (1) the existence of a valid contract; (2) Johnson performed or tendered performance; (3) Compu-Link breached the contract; and (4) Johnson was damaged as a result of the breach. *Runge v. Raytheon E–Systems, Inc.,* 57 S.W.3d 562, 565 (Tex.App.—Waco [10th Dist.] 2001). A breach of contract cause of action based on a loan agreement must identify the provision breached. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014).

Compu-Link provides an original Deed of Trust on the property that identifies Carmen Johnson as the Mortgagor. *ECF No. 7, exhs. A,B,C.* Johnson does not provide any allegations or documentation with her Original Petition to show she entered a contract with Compu-Link related to the subject property. Johnson does not provide an explanation as to how Compu-Link breached any loan agreement contract between these two parties, or any contractual provision breached. Johnson alleges only that Compu-Link acted in retaliation. *ECF No. 1, exh. A, pp. 1-2.*

Therefore, the facts as alleged cannot support a breach of contract cause of action, and any opportunity to amend would be futile. Finally, the Motion to Dismiss may be granted because Johnson, who is represented by counsel, did not respond to the Motion to Dismiss. *See Hitt,* 561 F.2d at 608–09.

### 2. Unjust Enrichment

Relying on the same facts of retaliation, Johnson asserts in a conclusory manner that "[Compu-Link] has been unjustly enriched because [it] was able to obtain interest in the property unlawfully, through retaliation and fraud. [Compu-Link's] acquisition occurred at the detriment of [Johnson]." *ECF No. 1, exh. A, pp. 1-2.* Although unclear, construing the Original Petition lib-

erally, Johnson appears to allege Compu-Link unjustly enriched itself by either gaining an interest in the Property through assignment, by profiting from the foreclosure sale, or both. *Id.*

These facts as alleged cannot support this cause of action. The undisputed facts and Loan Agreement documentation demonstrate Compu-Link held a mortgage on the Property, which provided it the interest to foreclose upon Carmen Johnson's default, and the Deed of Trust included terms that allow for its assignment. *Id. at Ex. B at p. 6, ¶ 16*. Johnson is not a party to the Loan Agreement or Assignment of Deed of Trust. Additionally, a signed state court order establishes Plaintiff's default and Celink's authority to foreclose on the Property as a result thereof. *Id. at exh. C, pp. 4-5, ¶¶ 10-11.*

For this reason, Johnson fails to assert a cause of action for unjust enrichment, and the facts as alleged cannot support this cause of action. Consequently, any opportunity to amend would be futile. In addition, the Motion to Dismiss may be granted because Johnson did not respond to the Motion to Dismiss. *See Hitt*, 561 F.2d at 608–09.

### 3.  Wrongful Foreclosure

To assert a cause of action for wrongful foreclosure, Johnson must allege facts supporting Compu-Link's foreclosure sale involved: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. . *Anderson v. Baxter, Schwartz & Shapiro, LLP,* No. 14–11–00021–CV, 2012 WL 50622, at *3 (Tex.App.-Houston [14th Dist.] Jan. 10, 2012, no pet.) (mem. op.).

Johnson does not assert any factual allegations of a defect or that the foreclosure sale involved a grossly inadequate selling price. *ECF No. 1, exh. A, pp. 1-3*. Johnson states only the elements of wrongful foreclosure and conclusively asserts Compu-Link wrongfully foreclosed on the Property out of retaliation. *Id*. However, retaliation is not an element of wrongful foreclosure.

For this reason, Johnson fails to assert a cause of action for wrongful foreclosure upon which relief may be granted, and the facts as alleged cannot support this cause of action. Consequently, any opportunity to amend would be futile. In addition, the Motion to Dismiss may be granted because Johnson did not respond to the Motion to Dismiss. *See Hitt,* 561 F.2d at 608–09.

**4.   Wrongful Debt Collection**

Relying on the same facts of retaliation, Johnson asserts in a conclusory manner that "Compu-Link foreclosed the Property as a retaliation. [Johnson] alleges Compu-Link's conduct violates common law debt collection and unfair debt collection practices." *ECF No. 1, exh. A, pp. 1-3, exhs. B,C.* These facts as alleged cannot support this cause of action. The undisputed facts and Loan Agreement documentation demonstrate Compu-Link held a mortgage on the Property, which provided it the interest to foreclose upon Carmen Johnson's default. *Id*. Johnson is not a party to the Loan Agreement or Assignment of Deed of Trust. For this reason, Johnson fails to assert a cause of action for wrongful foreclosure upon which relief may be granted, and the facts as alleged cannot support this cause of action. Consequently, any opportunity to amend would be futile. In addition, the Motion to Dismiss may be granted because Johnson did not respond to the Motion to Dismiss. *See Hitt,* 561 F.2d at 608–09.

## Conclusion

Construing the facts as alleged in the light most favorable to Johnson and in consideration of applicable law, Johnson is not the borrower on the Loan Agreement and collateral documents supporting Compu-Link's interest in the subject Property; Carmen Johnson defaulted on the subject Loan Agreement, and Compu-Link proceeded with foreclosure by court order. For the reasons stated, Johnson fails to state a claim upon which relief can be granted. Accordingly, Compu-Link's Motion to Dismiss is **GRANTED.**

7

It is so ORDERED.
SIGNED this 7th day of November, 2023.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE